UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

v.                                                                              5:08-CR-0694-GTS-1

PATRICK ROMEO,

        Defendant.
_____

APPEARANCES:                                                    OF COUNSEL:

HON. ANDREW T. BAXTER                                LISA M. FLETCHER, ESQ.
Acting United States Attorney for the                Assistant United States Attorney
Northern District of New York
  Attorney for the Government
100 South Clinton Street
Syracuse, NY 13261-7198

HON. ALEXANDER BUNIN, ESQ.                    MELISSA A. TUOHEY, ESQ.
Federal Public Defender for the                         Assistant Federal Public Defender
Northern District of New York
  Attorney for Defendant
4 Clinton Exchange, 3d Floor
Syracuse, NY 13260

HON. GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Patrick Romeo ("Romeo") has moved to dismiss his indictment for failing to register or update his registration as a sex offender in violation of 18 U.S.C. § 2250, as required by the Sex Offender Registration and Notification Act ("SORNA"), 42 U.S.C. § 16901, *et seq.* (Dkt. No. 14.) Following a careful review of Romeo's motion, brief in support thereof, the Government's response thereto, and the record on the matter, the Court denies Romeo's motion.

## I. BACKGROUND

None of the issues in Romeo's motion to dismiss involve any factual disputes. Rather, the issues raised by Romeo are solely constitutional challenges to SORNA's applicability to him. Thus, the Court will only briefly discuss the facts in this case.

On January 26, 2001, Romeo pled guilty to one count of violating Section 288(c) of the California Penal Code (Lewd Act Upon a Child – Age 14 or 15), a felony. (Dkt. No. 19, Part 1, at 4-10.) Romeo waived his right to reject probation and accepted a sentence of three (3) years probation from the court with terms and conditions that he spend one hundred-eight (180) days in county jail and pay a restitution fine of two hundred dollars ($200). (*Id.*) As required by California state law, Romeo registered in California as a sex offender on July 13, 2001. (Dkt. No. 19, Part 2, at 1.)[1] Thereafter, Romeo provided to the California Sex Offender Registry documentation verifying his address, on the following dates: December 18, 2002; December 19, 2003; December 15, 2004; December 20, 2005, December 19, 2006; and December 19, 2007. (Dkt. No. 19, Part 3, at 1-12.)

On September 29, 2008, Romeo was arrested in Fort Covington, New York, by the New York State Police, and charged with the following: (1) Sexual Abuse in the First Degree, a violation of New York State Penal Law Section 130.65; (2) Sexual Abuse in the Second Degree,

---

[1] When Romeo so registered, he acknowledged the following facts, among others: (1) that his responsibility to register as a sex offender is a lifetime requirement; (2) that, upon changing his location or place of residence, either in the present registering agency's jurisdiction, or anywhere inside or outside of the state, he must inform in writing with five working days the law enforcement agency with which he last registered; and (3) if he moves out of California, he is required to register in any state in which he is located or resides, within ten days, with the law enforcement agency having jurisdiction over his residence or location. (Dkt. No. 19, Part 2, at 1.)

a violation of New York State Penal Law Section 130.60, a class E felony; (3) Forcible Touching, a violation of New York State Penal Law Section 130.52, a class A Misdemeanor; and (4) Endangering the Welfare of a Child, in violation of New York State Penal Law Section 260.10, a class A Misdemeanor.  (Dkt. No. 14, Part 2, at 2.)  Upon his arrest for these charges, Romeo apparently told the arresting officer that he had been living in Fort Covington, since May of 2008, without updating or changing his registration.  (*Id*.; Dkt. No. 18, at 4.)  On November 13, 2008, Romeo was indicted in this case for failing to register under SORNA from May of 2008 to November of 2008.  (Dkt. No. 8.)

Romeo's motion to dismiss the indictment is based on four grounds: (1) to punish Romeo for a violation of an Act that has not yet been implemented in either New York or California would violate the *Ex Post Facto* and Due Process Clauses of the Constitution; (2) Congress lacks the power, under the Commerce Clause, to force individuals convicted of purely local sex offenses to register as sex offenders; (3) SORNA impermissibly encroaches upon state power in violation of the Tenth Amendment; and (4) SORNA violates the doctrine (i.e., the "Non-Delegation Doctrine") that prohibits Congress from delegating its legislative authority to another branch of the government (i.e., the executive branch).  (Dkt. No. 14, Part 2, at 2-3, 7-24.)  The Government opposes Romeo's motion.

**II.     RELEVANT STATUTORY LANGUAGE**

SORNA provides as follows, in pertinent part:

> **Registry requirements for sex offenders**
>
> **(a) In general**
>
> A sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is

an employee, and where the offender is a student.  For initial registration purposes only, a sex offender shall also register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of his residence.

**(b) Initial registration**

The sex offender shall initially register–

**(1)** before completing a sentence of imprisonment with respect to the offense giving rise to the registration requirement; or

**(2)** not later than 3 business days after being sentenced for that offense, if the sex offender is not sentenced to a term of imprisonment.

**(c) Keeping the registration current**

A sex offender shall, not later than 3 business days after each change of name, residence, employment, or student status, appear in person in at least 1 jurisdiction involved pursuant to subsection (a) of this section and inform that jurisdiction of all changes in the information required for that offender in the sex offender registry. That jurisdiction shall immediately provide that information to all other jurisdictions in which the offender is required to register.

**(d) Initial registration of sex offenders unable to comply with subsection (b) of this section**

The Attorney General shall have the authority to specify the applicability of the requirements of this subchapter to sex offenders convicted before July 27, 2006 [the date of the enactment of this Act] or its implementation in a particular jurisdiction, and to prescribe rules for the registration of any such sex offenders and for the other categories of sex offenders who are unable to comply with subsection (b) of this section.

42 U.S.C. § 16913(a)-(d).

On February 28, 2007, the Attorney General issued an interim rule effective February 28, 2007, which states, in pertinent part, as follows: "[T]he requirements of [SORNA] apply to all

sex offenders, including sex offenders convicted of the offense for which registration is required prior to enactment of that Act." 28 C.F.R. § 72.3.

SORNA subjects the sex offender, who fails to register or keep his registration current, to fines or imprisonment, or both. Specifically, SORNA provides as follows, in pertinent:

> **Failure to register**
>
> **(a) In general.**–Whoever–
>
> **(1)** is required to register under the Sex Offender Registration and Notification Act;
>
> **(2) (A)** is a sex offender as defined for the purposes of the Sex Offender Registration and Notification Act by reason of a conviction under Federal law (including the Uniform of Military Justice), the law of the District of Columbia, Indian tribal law, or the law of any territory or possession of the United States; or
>
> **(B)** travels in interstate or foreign commerce, or enters or leaves, or resides in, Indian country; and
>
> **(3)** knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act;
>
> shall be fined under this title or imprisoned not more than 10 years, or both.

18 U.S.C. § 2250.

### III.  ANALYSIS

Based on the above statutory language, the Court now analyzes Romeo's asserted grounds for dismissal.

####    A.    The *Ex Post Facto* and Due Process Clauses

Romeo argues that SORNA is not applicable to him because the states of New York and California have not yet implemented the registration provisions of SORNA. Thus, Romeo

argues, he was not required to comply with SORNA.  The Court disagrees.

Romeo's argument has been offered by other sex offenders in various district courts across the country, and the majority of our sister courts have rejected the argument.  In fact, three judges of this District have rejected that argument.[2]  It is clear that SORNA became effective July 27, 2006.[3]  The Attorney General has adopted an interim regulation, effective on February 28, 2007, which provides that SORNA applies to sex offenders who were convicted, like Romeo, before the enactment of SORNA.  As District Judge Gary L. Sharpe, of this District, has previously observed, "the fact that states have not yet met their SORNA obligations is irrelevant to the obligations of a sex offender to comply with SORNA." *Lamere*, 2008 WL 5244125, at *2 [citing *Hester*, 2008 WL 351677, at *2]; *see also Van Buren*, 2008 WL 3414012, at *6.

With respect to Romeo's argument that application of SORNA violates the *Ex Post Facto* Clause, the Court notes that this argument has also been rejected by the majority of our sister courts.  *See, e.g., Lamere*, 2008 WL 5244125, at *2; *Van Buren*, 2008 WL 3414012, at *7.  As Judge William Jay Riley, of the Eighth Circuit, has explained:

> If Congress intended SORNA to impose punishment for a pre-existing crime, the statute violates the ex post facto clause. . . .  [However,] Congress stated its purpose in establishing [SORNA] was to protect the public from sex offenders and offenders against children, and in response to the vicious attacks by violent predators. . . .  SORNA's

---

[2]  *See United States v. Lamere*, 08-CR-0475, 2008 WL 5244125 (N.D.N.Y. Dec. 15, 2008) (Sharpe, J.); *United States v. Besanson*, 08-CR-0329, Order (N.D.N.Y. Nov. 20, 2008) (McAvoy, J.); *United States v. Curry*, 08-CR-0241, Order (N.D.N.Y. Nov. 20, 2008) (McAvoy, J.); *United States v. Van Buren*, 08-CR-0198, 2008 WL 3414012 (N.D.N.Y. Aug. 8, 2008) (McAvoy, J.); *United States v. Fuller*, 07-CR-0462, 2008 WL 2437869 (N.D.N.Y. June 13, 2008) (Scullin, J.); *United States v. Hester*, 07-CR-0376, 2008 WL 351677 (N.D.N.Y. Feb. 7, 2008) (Sharpe, J.).

[3]  *Lamere*, 2008 WL 5244125, at *2; *Hester*, 2008 WL 351677, at *1.

> registration requirement demonstrates no congressional intent to
> punish sex offenders . . . . SORNA does not punish an individual for
> previously being convicted of a sex crime . . . . Thus, prosecuting [a
> sex offender] under § 2250 is not retrospective and does not violate the
> ex post facto clause.

*United States v. May*, 535 F.3d 912, 919-20 (8th Cir. 2008) [internal quotation marks and citations omitted]. This Court agrees with the view of the Eighth Circuit, as well as with the view of the majority of the district courts addressing the issue, that SORNA does not violate the *Ex Post Facto* Clause. *Lamere*, 2008 WL 5244125, at *3; *Van Buren*, 2008 WL 3414012, at *7.

With respect to his due process argument, the record indicates Romeo was on notice that he had to register and keep his registration current when moving. Nothing in the record reflects otherwise. Had Romeo complied with his registration obligations, he would have complied with SORNA. As a result, there is no due process violation. *Lamere*, 2008 WL 5244125, at *3 [citing *United States v. Fuller*, 07-CR-0462, 2008 WL 2437869, at *3 (N.D.N.Y. June 13, 2008) (Scullin, J.)]; *Van Buren*, 2008 WL 3414012, at *7-8.

    **B.**    **The Commerce Clause**

        **1.**    **18 U.S.C. § 2250(a)**

Romeo argues that 18 U.S.C. § 2250 is invalid under the Commerce Clause because, on its face, the section does not fall into any of the prongs of activity that Congress may regulate under the clause. Again, this Court disagrees. *Lamere*, 2008 WL 5244125, at *3.

Congress's power to regulate commerce includes the power to regulate the following "three broad categories of activity": (1) "the use of channels of interstate commerce"; (2) "the instrumentalities of interstate commerce, or persons or things in interstate commerce, even though the threat may come only from intrastate activities"; and (3) "those activities having a

substantial relation to interstate commerce." *United States v. Lopez*, 514 U.S. 549, 558-59 (1995) [citations omitted]. "SORNA . . . derives its authority from each prong of *Lopez*–and most specifically, the ability to regulate persons or things in interstate commerce and the use of the channels of interstate commerce." *May*, 535 F.3d at 921 [internal quotation marks omitted]. As a result, "SORNA contains a sufficient nexus to interstate commerce." *Id*. at 922; *Lamere*, 2008 WL 5244125, at *3.[4]

### 2.  42 U.S.C. § 16913

The main thrust of Romeo's attack on the constitutionality of 42 U.S.C. § 16913 under the Commerce Clause is based on the following three decisions: *United States v. Waybright*, 561 F. Supp.2d 1154 (D. Mont. 2008); *United States v. Hall*, 577 F. Supp.2d 610 (N.D.N.Y. 2008) (Hurd, J.); *United States v. Myers*, 08-CR-60064, 2008 WL 5156671 (S.D. Fla. Dec. 9, 2008); *see also United States v. Guzman*, 582 F. Supp.2d 305 (N.D.N.Y. 2008) (Hurd, J.); *United States v. Powers*, 544 F. Supp.2d 1331 (M.D. Fla. 2008). (*See* Dkt. No. 14, Part 2, at 15-17.)

These cases constitute the minority view on the issue, and have been expressly rejected by several courts. *See*, *e.g.*, *United States v. Howell*, No. 08-2126, 2009 WL 66068, at *3-6, & n.3 (8th Cir. Jan. 13, 2009) (rejecting the five cases cited above); *Lamere*, 2008 WL 5244125, at *3 (rejecting *Hall*, 577 F. Supp.2d 610); *United States v. Pena*, 582 F. Supp.2d 851, 856 (W.D. Tex. 2008) (rejecting *Waybright*, 561 F. Supp.2d 1154, and *Powers*, 544 F. Supp.2d 1331). After carefully reviewing those decisions, this Court respectfully rejects them as well.

---

[4] Furthermore, under *Lopez*, "[a] showing that a regulated activity substantially affects interstate commerce (as required for the third [prong] ) is not needed when Congress regulates activity in the first two [prongs].)." *United States v. Gil*, 297 F.3d 93, 100 (2d Cir. 2002) [citation omitted]; *Lamere*, 2008 WL 5244125, at *3.

Accordingly, the Court follows the majority view and determines that § 16913 and § 2250(a) are interrelated components of SORNA as a whole, and that both sections must be read together, not in isolation. *Lamere*, 2008 WL 5244125, at *3. As a sister court recently observed:

> The federal duty [to comply with SORNA] does not operate in a vacuum. SORNA's requirement that all sex offenders register is unenforceable until a sex offender crosses state line, at which point the failure to abide by one's federal duty bears federal consequences. Together § 16913 and § 2250(a) are components of a symbiotic statutory scheme in which there is no criminal penalty unless there is a failure to register and, conversely, failure to register cannot be enforced without a criminal penalty. . . . Section 2250(a) lacks all meaning without reference to § 16913, and § 16913 lacks all effect without reference to § 2250(a).

*United States v. Crum*, 08-CR-0255, 2008 WL 4542408, at *9 (W.D. Wash. Oct. 8, 2008) [internal quotation marks and citation omitted]. As a result, this Court rejects Romeo's argument that 42 U.S.C. § 16913 is unconstitutional under the Commerce Clause. *Lamere*, 2008 WL 5244125, at *4.

Furthermore, 42 U.S.C. § 16913 finds support in the Necessary and Proper Clause. This Clause "empowers Congress to enact laws in effectuation of its enumerated powers that are not within its authority to enact in isolation." *Gonzales v. Raich*, 545 U.S. 1, 39 (2005). As District Judge Thomas J. McAvoy, of this District, has observed,

> [T]he purpose of SORNA is to provide a comprehensive national system registration of sex offenders–including a listing of the offender's current residences, and the sharing of such information in order to protect the public from these individuals. The registration and updating requirements of § 16913 are necessary to make § 2250(a)–a regulation of interstate commerce–effective.

*Van Buren*, 2008 WL 3414012, *14 [citation omitted]. As a result, 42 U.S.C. § 16913 does not exceed Congress's power under the Commerce Clause, and Romeo's motion on this ground is

also denied.  *Lamere*, 2008 WL 5244125, at *4.

### C. The Tenth Amendment

Romeo basically argues that SORNA compels the states to aid the federal registration of sex offenders.  This argument has been rejected rather consistently by the courts.  *Id*.  The flaw of the argument is that Romeo is not able to show that SORNA has compelled the states of New York or California to make any changes in their state sex offenders registries.  *Id*. (citing *Hall,* 2008 WL 4307196 at *5).  As a result, Romeo's argument under the Tenth Amendment is without merit, and his motion on this ground is denied.  *Id*.

### D. The Non-Delegation Doctrine

Romeo argues that a violation of the non-delegation doctrine of the Constitution occurred when SORNA, under 42 U.S.C. § 16913, delegated to the United States Attorney General the authority to apply and promulgate rules, i.e., legislate, under SORNA.  This argument has also been rejected rather consistently by the courts.  *Id*.  For example, as explained by District Judge Donald W. Molloy, of the District of Montana, "[t]he non-delegation doctrine does not keep Congress from obtaining the assistance of its coordinate branches; it merely requires Congress to provide clear guidance and delineate the boundaries of delegated authority."  *United States v. Waybright*, 561 F. Supp.2d 1154, 1170-71 (D. Mont. 2008) (citing *Mistretta v. United States*, 488 U.S. 361 372-73 [1989]).  Section 16913 authorizes the Attorney General to promulgate regulations only in limited circumstances.  As a result, delegation does not offend the non-delegation doctrine, and Romeo's motion on this ground is denied.  *Lamere*, 2008 WL 5244125, at *4 (citing *United States v. Senogles*, 570 F. Supp.2d 1134, 1150-51 (D. Minn. 2008) and *Mistretta*, 488 U.S. at 372).

**ACCORDINGLY**, for the foregoing reasons, it is

**ORDERED** that Romeo's motion to dismiss the indictment (Dkt. No. 14) is **DENIED**.

Dated: January 20, 2009
 Syracuse, New York

_____
Hon. Glenn T. Suddaby
U.S. District Judge